RECEIPT #
AMOUNT
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Luis M. Colon, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| vs. ) | |
| ) | |
| Abbott-Action, Inc., ) | 05-10818 WGY |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1. Jurisdiction of all Counts is conferred by 28 U.S.C. 1332, as there is a complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Jurisdiction of Count I is further conferred by 28 U.S.C. 1331, as this Count arises under the laws of the United States.

3. Jurisdiction of Counts II-III is further conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

### Parties

4. The Plaintiff, Luis M. Colon ("Colon"), is a citizen of the Commonwealth of Massachusetts, Suffolk County.

5. The Defendant, Abbott-Action, Inc. ("Abbott-Action"), is a Rhode Island for-profit corporation with a principal place of business in Pawtucket, RI.

-1-

## Factual Allegations

6. On or about July 16, 1985 Colon commenced employment with Abbott-Action in its Canton, Massachusetts facility as an Assistant Machine Operator.

7. During his employment, Colon received several merit-based salary increases and consistent positive feedback from his supervisors concerning his job performance. At the time of Colon's termination, Colon held the position of Finishing Machine Operator.

8. Abbott-Action is a manufacturer of cardboard boxes.

9. Throughout his employment with Abbott-Action, Colon consistently met and/or exceeded the legitimate performance expectations for his position.

10. In or around 2002-2003, Samuel Lindberg ("Lindberg") became the Plant Manager of the Canton, MA facility.

11. On or about July 19, 2004 Colon suffered an on-the-job injury to his back.

12. Colon was required to be absent from work for several days pursuant to doctor's orders..

13. When Colon returned to work, he was placed on a light duty assignment, also pursuant to doctor's orders.

14. During this time, Colon completed all required paperwork concerning his workplace injury, submitted a statement of workplace injury, and otherwise exercised rights under the Massachusetts Workers Compensation Act.

15. Despite his knowledge of Colon's injury and workplace restrictions, Lindberg instructed Colon to perform numerous tasks in violation of his said restrictions.

16. Lindberg additionally pressured Colon to return to work without restriction.

17. On or about August 5, 2004 Lindberg called Colon into his office and accused Colon of

failing to take his medication prescribed for his injury. This accusation was completely false and was made only to harass Colon concerning his injury.

18. Colon continued to work on a light duty assignment until on or about September 26, 2004 when he was cleared to work without restriction by his doctor and chiropractor.

19. On or about October 1, 2004 Lindberg called Colon into his office and terminated his employment.

20. The stated reason for Colon's termination, layoff due to lack of work, was false and a pretext for unlawful discrimination and retaliation.

21. Upon information and belief, Colon's was the only Machine Operator 'laid off' in the Canton, MA facility.

22. In fact, subsequent to Colon's 'layoff' his subordinate took over his position.

23. The above acts and omissions of all Defendants have directly and proximately caused Colon to suffer lost income and diminished earning capacity, personal injury including emotional distress, and have otherwise damaged him.

## COUNT I
### The Family and Medical Leave Act of 1993
### 29 U.S.C. 2601, et seq.

24. The Plaintiff adopts by reference all above allegations, and further alleges:

25. All conditions precedent to this Count, if any, have been complied with.

26. Colon is an eligible employee, as defined by 29 U.S.C. § 2611.

27. Abbott-Action is an employer, as defined by 29 U.S.C. § 2611.

28. The above described acts of Abbott-Action, committed by and through its authorized agents and employees, interfered with, restrained or denied the exercise or attempted exercise by Colon of rights protected by 29 U.S.C. 2601, et seq.

29. Colon was additionally terminated for exercising rights under 29 U.S.C. 2601, et seq.

WHEREFORE, the Plaintiff, Luis M. Colon, demands judgment against Abbott-Action in an amount reasonably calculated to adequately compensate her for her injuries, together with interest, reasonable attorney's fees, and the costs of this action. Colon additionally demands reinstatement to his former position.

## COUNT II
### Mass.G.L. c. 152 § 75B

30. The Plaintiff adopts by reference all above allegations, and further alleges:

31. All conditions precedent regarding this Count have been complied with.

32. Colon was subjected to retaliation for his exercise of rights pursuant to the Massachusetts Workers Compensation Act.

WHEREFORE, the Plaintiff, Luis M. Colon, demands judgment against Abbott-Action in an amount reasonably calculated to adequately compensate him for his injuries, together with interest, reasonable attorney's fees, and the costs of this action. Colon additionally demands reinstatement to his former position.

## COUNT III
## Mass.G.L. c. 151B

33. The Plaintiff adopts by reference all above allegations, and further alleges:

34. All conditions precedent regarding this Count have been complied with.

35. Colon is a qualified handicapped person as defined by Mass.G.L. c. 152§ 75B and Mass.G.L. c. 151B.

36. The above described acts of discrimination against Colon, on the basis of handicap, had the purpose or effect of injuring Colon in the terms and conditions of his employment with Abbott-Action.

37. The above described acts of discrimination had the purpose or effect of unreasonably interfering with Colon's work performance or creating an intimidating, hostile, or offensive working environment.

38. Colon was additionally subject to retaliation for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

39. Abbott-Action's above stated conduct was willful, malicious, in bad faith, outrageous, and extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Luis M. Colon, demands judgment against Abbott-Action in an amount reasonably calculated to adequately compensate him for his injuries, together with interest, reasonable attorney's fees, and the costs of this action. Colon additionally demands reinstatement to his former position.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

        Respectfully submitted,
        Luis M. Colon
        By his attorney,

        _/s/ Paul F. Wood_
        Paul F. Wood, BBO No. 565195
        Law Office of Paul F. Wood, P.C.
        45 Bowdoin Street
        Boston, MA 02114
        (617) 532-2666

05cv10818

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Luis M. Colon

### DEFENDANTS
Abbott-Action, Inc.

**(b)** County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul F. Wood, Law Office of Paul F. Wood, P.C., 45 Bowdoin Street, Boston, MA 02114 (617)532-2666

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 2601, et seq.
Brief description of cause:
Unlawful employment actions in violation of the Family Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE: 04/25/2005
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Luis M. Colon v. Abbott-Action, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [✓] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05  1081  WGY**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Paul F. Wood
ADDRESS  Law Office of Paul F. Wood, P.C., 45 Bowdoin St., Boston, MA  02114
TELEPHONE NO.  (617) 532-2666

(CategoryForm.wpd - 2/15/05)